IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nathaniel Liggins, Verline Liggins,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>Saxon Mortgage Servicing, Inc., Ocwen Loan Servicing, LLC,<br><br>　　　　Defendants.<br>_____ | 2:12-cv-1206-GEB-GGH<br><br>ORDER GRANTING MOTIONS TO DISMISS<sup>*</sup> |

　　　　Defendants Saxon Mortgage Servicing, Inc. ("Saxon") and Ocwen Loan Servicing, LLC ("Ocwen") each move under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for dismissal of Plaintiffs' Complaint, in which a single negligence claim is alleged against each Defendant. (ECF Nos. 7, 8.) Each movant argues that Plaintiffs failed to allege sufficient facts to state a viable negligence claim. Plaintiffs oppose both motions.

　　　　Decision on the Rule 12(b)(6) dismissal motions requires determination of "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). "A

---

　　　*　This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1  claim has facial plausibility when the plaintiff pleads factual content
2  that allows the court to draw the reasonable inference that the
3  defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678
4  (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

5  When determining the sufficiency of a claim, "[w]e accept
6  factual allegations in the complaint as true and construe the pleadings
7  in the light most favorable to the non-moving party[; however, this
8  tenet does not apply to] . . . legal conclusions . . . cast in the form
9  of factual allegations." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir.
10 2011) (citation and internal quotation marks omitted). "Therefore,
11 conclusory allegations of law and unwarranted inferences are
12 insufficient to defeat a motion to dismiss." Id. (citation and internal
13 quotation marks omitted); see also Iqbal, 556 U.S. at 678 (quoting
14 Twombly, 550 U.S. at 555) ("A pleading that offers 'labels and
15 conclusions' or 'a formulaic recitation of the elements of a cause of
16 action will not do.'").

**A.   Ocwen**

18 Ocwen argues Plaintiffs' negligence claim should be dismissed
19 since "the allegations in the Complaint are vague and ambiguous
20 regarding [Ocwen's] role" in the alleged wrongful conduct. (Ocwen's Mot.
21 to Dismiss 1:5-6.)

22 The sole allegation involving Ocwen in Plaintiffs' Complaint
23 is that Ocwen "has assumed the subject loan with all the rights, title,
24 interest and obligations arising under the Saxon's agreement with the
25 Plaintiffs." (Compl. ¶ 3.) Plaintiffs have not alleged "enough facts
26 [against Ocwen] to state a claim . . . that is plausible on its face."
27 Twombly, 550 U.S. at 547. Therefore, Plaintiffs' negligence claim
28 against Ocwen is dismissed.

**B.    Saxon**

Saxon argues Plaintiffs' negligence claim should be dismissed since "Plaintiffs do not . . . establish that Saxon owes Plaintiffs a duty of care." (Saxon Mot. to Dismiss 1:11.) Plaintiffs respond that "[loan] servicers owe a duty of care in some circumstances, such as here." (Pl.'s Opp'n to Saxon's Mot. 1:23-24.)

Plaintiffs allege that Saxon "is a mortgage bank and home mortgage loan servicer . . . [and] has been the servicer of Plaintiffs' residential mortgage loan . . . ." (Compl. ¶ 2.) Plaintiffs also allege that Saxon "engaged in negligently advising [them] with respect to a . . . loan modification on the subject property." Id. ¶ 14. Plaintiffs also allege that they "have lost the ability to be placed in an affordable loan modification due to Sacon's inability to reasonably process the[ir] loan modification." Id. ¶ 16.

"As a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991). Similarly, "a loan servicer has no . . . duty to a borrower when its involvement in the transaction does not exceed the scope of its conventional role as a loan servicer." Huerta v. Ocwen Loan Servicing, Inc., No. 09-5822, 2010 WL 728223, at *4 (N.D. Cal. Mar. 1, 2010).

Plaintiffs have not shown that this general rule does not apply to their negligence claim against Saxon. Plaintiffs' allegations concerning their attempts at acquiring a loan modification through Saxon "are insufficient to plausibly suggest that [Saxon] owed [Plaintiffs] a duty of care." Argueta v. JP Morgan Chase, No. 11-441, 2011 WL 2619060,

at *5 (E.D. Cal. June 30, 2011) (citations omitted); see also Coppes v. Wachovia Mortg. Corp., No. 2:10-cv-01689-GEB-DAD, 2011 WL 1402878, at *7 (E.D. Cal. Apr. 13, 2011) ("Plaintiff has not alleged 'special circumstances' plausibly suggesting Wachovia owed her a duty of care" during the loan modification process.). Therefore, Plaintiffs' negligence claim against Saxon is dismissed.

Since each Defendant's dismissal motion is GRANTED, Plaintiffs are granted ten (10) days from the date on which this order is filed to file a First Amended Complaint in which they address the identified deficiencies in their negligence claims. Further, Plaintiffs are notified that their negligence claims may be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) if Plaintiffs fail to file an amended complaint within the prescribed time period.

Dated: July 11, 2012

GARLAND E. BURRELL, JR.
Senior United States District Judge

4